NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0328n.06

No. 09-3439

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 28, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| DESIDERIO GARCIA-MORALES, | ) | |
| | ) | PETITION FOR REVIEW OF |
| Petitioner-Appellant, | ) | DECISION OF BOARD OF |
| | ) | IMMIGRATION APPEALS |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., | ) | OPINION |
| Attorney General of the United States, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:    KEITH, BOGGS and McKEAGUE, Circuit Judges.

**PER CURIAM.**  This case presents a petition for judicial review of a final decision of the Board of Immigration Appeals ("Board").  On November 28, 2008, the Board issued its decision upholding the decision of the Immigration Judge denying petitioner's applications for asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal under 8 U.S.C. § 1229b(b).

Petitioner Desiderio Garcia-Morales is a native and citizen of Guatemala who entered the United States without authorization in 1995 at the age of sixteen.  He first applied for asylum in 2004, claiming that he feared persecution by anti-government guerillas if he returned to Guatemala.  The application was denied, and removal proceedings were commenced.  In a hearing before the Immigration Judge on April 4, 2007, Garcia-Morales conceded that he was removable as charged,

but renewed his request for asylum and also requested withholding of removal, relief under the Convention Against Torture, cancellation of removal, and, alternatively, voluntary departure.

Garcia-Morales testified that, before he left Guatemala, guerillas captured him and held him for twenty to twenty-five days at their camp in the mountains. During this time, the guerillas threatened to kill him if he did not comply with their orders to rape and kill women and commit acts of violence against the government. Garcia-Morales also testified that the guerillas beat him repeatedly, cut his leg with a knife, and only fed him three times. Despite this abusive treatment and resulting weakness, Garcia-Morales testified that he was eventually able to escape and elude his captors by running through the jungle for two hours to his cousin's house. According to Garcia-Morales, his cousin, who helped him flee to the United States, was later killed by the guerillas. Garcia-Morales also testified that, several years before this incident, his father was beaten to death outside his home, and the family suspected that guerillas were responsible for the attack. Garcia-Morales stated that he was afraid to return to Guatemala because the guerillas had sent letters to his mother threatening to kill him if he returned.

The Immigration Judge denied all forms of relief, finding that: (1) Garcia-Morales was ineligible for asylum because his application was untimely and no "extraordinary circumstances" excused the delay; (2) even if Garcia-Morales had filed a timely application for asylum, he had not satisfied his burden of establishing past persecution or a well-founded fear of future persecution because his testimony was not credible; (3) because Garcia-Morales had failed to establish eligibility for asylum, he necessarily could not meet the higher standard of proof required for withholding of removal; (4) Garcia-Morales was not entitled to relief under the Convention Against Torture; (5)

Garcia-Morales was not eligible for cancellation of removal because he had failed to establish the requisite ten years of continuous physical presence in the United States or that his removal would result in "exceptional and extremely unusual hardship" to his United States citizen daughter; and (6) Garcia-Morales was not entitled to voluntary departure.

Garcia-Morales appealed to the Board of Immigration Appeals, which dismissed the appeal. The Board concluded that Garcia-Morales was statutorily ineligible for asylum, upheld the Immigration Judge's adverse credibility determination, and adopted the Immigration Judge's determination that Garcia-Morales had failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his daughter. Garcia-Morales now petitions this court for review.

Garcia-Morales does not challenge the denial of his requests for relief under the Convention Against Torture and for voluntary departure, and thus has forfeited appellate review of those claims. *See Patel v. Gonzales*, 470 F.3d 216, 219 (6th Cir. 2006). Further, although Garcia-Morales challenges the conclusion that he failed to meet the burden of proof necessary to establish eligibility for asylum, he does not dispute or otherwise address the threshold determination that his asylum application was untimely. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring that application for asylum be filed within one year of arrival in the United States). Accordingly, he has forfeited appellate review of his asylum claim as well. *See Patel*, 470 F.3d at 219.

Because the Board issued a separate opinion setting forth its own reasoning and also adopted portions of the Immigration Judge's decision, we review both the Board's decision and the adopted portions of the Immigration Judge's decision. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir.

2009). Questions of law in immigration proceedings are reviewed de novo, while factual determinations, including credibility determinations, are reviewed for substantial evidence. *Ceraj v. Mukasey*, 511 F.3d 583, 588, 591 (6th Cir. 2007). Under this standard, administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). While an adverse credibility finding is afforded substantial deference, it must be supported by specific reasons. *Ceraj*, 511 F.3d at 591; *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004). Further, an adverse credibility determination must "be based upon issues that go to the heart of the applicant's claim," rather than on minor or irrelevant inconsistencies. *Ceraj*, 511 F.3d at 591(quoting *Chen v. Gonzales*, 447 F.3d 468, 472 (6th Cir. 2006)).[1]

To qualify for withholding of removal, an alien must establish that his life or freedom would be threatened in the proposed country of removal because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.§ 1231(b)(3)(A); *Khalili*, 557 F.3d at 435. Although the factors considered are the same as those for an asylum claim, an applicant for withholding of removal must establish a "clear probability" of persecution, which is a more stringent burden of proof than that required to establish eligibility for asylum. *Khalili*, 557 F.3d at 436.

---

[1]The REAL ID Act of 2005 changed the standard governing credibility determinations, permitting a trier of fact to make a credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). That provision does not apply in this case, however, because Garcia-Morales applied for relief in April 2004, before its effective date. *See Amir v. Gonzales*, 467 F.3d 921, 925 n.4 (6th Cir. 2006).

Here, the Board upheld the conclusion that Garcia-Morales was not credible and thus failed to establish a clear probability of persecution. This determination is supported by substantial evidence. In particular, there were significant discrepancies between Garcia-Morales's written asylum application and his testimony at the removal hearing regarding his father. Garcia-Morales's written application did not indicate that his father was deceased or that he may have been killed by the very guerillas that Garcia-Morales claimed he still feared. Additionally, as the Immigration Judge and the Board noted, there were inconsistencies among Garcia-Morales's written application, his asylum interview, and his testimony regarding the details of his claim—some of them going to the heart of his claim. For example, in his application, Garcia-Morales stated that the guerillas abused and killed innocent people in his presence and forced him to perform manual labor, but he did not mention these occurrences in his testimony. Further, although Garcia-Morales stated in his asylum interview that he was held by the guerillas for four months, he testified at the removal hearing that he was held for only twenty to twenty-five days. Garcia-Morales's explanations for the inconsistencies are not convincing. He presented little evidence to substantiate his preferred version of the facts and many of the exhibits, as the Immigration Judge correctly noted, are of suspect authenticity and reliability.

Even if Garcia-Morales is correct that some of the inconsistencies cited by the Immigration Judge were not material or were based on speculation, the record does not compel a finding that he was credible. *See Sarr v. Gonzales*, 485 F.3d 354, 361 (6th Cir. 2007). Because the Immigration Judge's questions about Garcia-Morales's credibility have substantial support in the record, we find

no fault in the Board's determination that Garcia-Morales did not demonstrate the clear probability of persecution required for withholding of removal.

Garcia-Morales also argues that the Board erred by denying his application for cancellation of removal. We lack jurisdiction to consider Garcia-Morales's challenge to the Board's discretionary determination that his daughter would not suffer extreme hardship upon his removal. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008). We arguably have jurisdiction to review Garcia-Morales's claim that the Immigration Judge and the Board committed legal error by failing to consider all of the cancellation-of-removal factors set forth in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63-64 (BIA 2001). *Aburto-Rocha*, 535 F.3d at 503. Yet, Garcia-Morales does not point to any specific factor that was overlooked or to evidence that, if considered, would have compelled a different outcome. Accordingly, we conclude that the Board "reasonably construed and applied its own precedents" in reviewing Garcia-Morales's application for cancellation of removal. *See Aburto-Rocha*, 535 F.3d at 503.

For these reasons, the petition for review is **DENIED**.