NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0239n.06

No. 09-4288

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AHMAD JEBEILI, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | **Apr 18, 2011** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: SUTTON, and KETHLEDGE, Circuit Judges, and HOOD, District Judge.[*]

KETHLEDGE, Circuit Judge. Ahmad Jebeili seeks review of an order of the Board of Immigration Appeals denying his petition to remove the conditions on his permanent-resident status. We dismiss the petition in part for lack of jurisdiction and deny the remainder.

I.

Ahmed Jebeili is a 55-year-old Syrian citizen who entered the United States in 1993 on a three-month visitor's visa. Jebeili overstayed the visa and eventually married his 17-year-old neighbor, Ayat Baydoun, a United States citizen. Based on this marriage, Jebeili adjusted his status to that of a conditional permanent resident in 1998.

---

[*] The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Nearly two years later, Jebeili and Baydoun filed a joint petition to remove the conditions on Jebeili's permanent-resident status, as required by the Immigration and Naturalization Act § 216(c)(1). 8 U.S.C. § 1186a(c)(1). Before the Department of Homeland Security ("DHS") ruled on the petition, however, the couple divorced. Baydoun withdrew the joint petition and, in March 2003, told immigration officers that she believed Jebeili had married her in order to get a green card.

Jebeili thereafter filed an individual petition to remove conditions from his status. In that petition, he stated that he had married Baydoun in good faith. He sought a waiver of the joint-petition filing requirement on that basis. *See id.* § 1186a(c)(4). DHS found that Jebeili had not submitted credible evidence of a good-faith marriage, so it denied the waiver request. DHS also denied Jebeili's petition and terminated his conditional permanent-resident status. On March 27, 2003, DHS served Jebeili with a notice to appear, charging him with being removable as an alien whose conditional permanent-resident status has been terminated. *See id.* § 1227(a)(1)(D)(i).

Jebeili challenged DHS's denial of the good-faith-marriage waiver in his removal hearing. After hearing testimony from Jebeili, Baydoun, and several other witnesses, the Immigration Judge ("IJ") determined that Jebeili had married Baydoun in good faith. The IJ nonetheless denied Jebeili's waiver as a matter of discretion, finding that he had embellished his testimony and submitted an obviously forged marriage license to the Immigration Court. *See id.* § 1186a(c)(4). The Board of Immigration Appeals adopted and affirmed the IJ's opinion. Jebeili now petitions this court for review.

II.

Under 8 U.S.C. § 1186a, aliens who attain conditional permanent-resident status by marrying United States citizens must file a joint petition in order to remove the "conditional basis" of their status. *Id.* § 1186a(c)(1)(A). Conditional permanent residents can seek a waiver of the joint-petition filing requirement, however, by showing that they entered the qualifying marriage in good faith but the marriage was later terminated. *Id.* § 1186a(c)(4).

On appeal, Jebeili challenges the IJ's decision to deny his waiver request. Where, as here, the Board adopts and affirms the IJ's opinion and adds additional comments, we review both opinions. *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Before addressing Jebeili's arguments, however, we must determine whether we have subject-matter jurisdiction over them.

In general, this court lacks jurisdiction to review decisions "specified under [Title 8, Chapter 12, Subchapter II of the United States Code] to be in the discretion of the Attorney General or the Secretary of Homeland Security" or their designees. 8 U.S.C. § 1252(a)(2)(B)(ii); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Section 1186a(c)(4), which is contained in the relevant subsection of Title 8, states that "[t]he Attorney General, *in the Attorney General's discretion, may* remove the conditional basis of the permanent resident status" for an alien who shows that he entered his marriage in good faith but the marriage has ended. *Id.* (emphasis added). In addition, the statute specifies that the Attorney General has "sole discretion" to decide "what evidence is credible and the weight to be given that evidence" in deciding whether to grant a waiver. *Id.* The statute thus

commits the waiver decision to the Executive's discretion, which means that we cannot review the IJ's waiver decision here. *See Abdulahad v. Holder*, 581 F.3d 290, 297 (6th Cir. 2009); *Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949-50 (6th Cir. 2002). But this court does retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha*, 535 F.3d at 502.

Jebeili argues, in part, that the IJ violated his due-process rights by making two factual findings that he says are erroneous. First, he says the IJ erred in finding that his submission of a forged marriage license reflected badly on his character; and second, he says the IJ erred in finding that he embellished his testimony. These arguments are merely attacks on the IJ's evaluation of "what evidence is credible and the weight to be given that evidence." *See* 8 U.S.C. § 1186a(c)(4). We therefore lack jurisdiction to consider them. *See id.* § 1252(a)(2)(B)(ii).

Jebeili also argues that the IJ violated his due-process rights by demonstrating bias toward him and failing to weigh certain equitable factors before denying his waiver application. The Fifth Amendment's Due Process Clause guarantees aliens in deportation proceedings the right to a full and fair hearing. *Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006). To trigger the Fifth Amendment's protections, however, an alien must first show that he was deprived of a life, liberty, or property interest. *See id.*; *Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000).

Here, Jebeili does not identify any constitutionally protected interest affected by the IJ's alleged errors. He seems to argue that the IJ's failure to grant a discretionary waiver deprived him of a liberty interest in remaining in this country. He does not, however, contest his removability under 8 U.S.C. § 1227(a)(1)(D)(i). And this court has repeatedly held that, in the immigration

context, "[t]he failure to be granted discretionary relief does not amount to a deprivation of a liberty interest." *Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001); *accord Patel*, 470 F.3d at 220; *Ali v. Ashcroft*, 366 F.3d 407, 412 (6th Cir. 2004). *See also Ibrahimi v. Holder*, 566 F.3d 758, 766-67 (8th Cir. 2009) (applying rule to § 1186a(c)(4) waiver). Jebeili's due-process claim therefore fails.

Finally, Jebeili argues that the IJ should have advised him of his apparent eligibility for voluntary departure and permitted him to apply for voluntary departure during the removal hearing. *See* 8 C.F.R. § 1240.11(a)(2). The Board rejected this argument because Jebeili—who was represented by counsel—had already applied for voluntary departure without any prompting from the IJ, and had failed to prove that he would actually depart. *See* 8 U.S.C. § 1229c(b)(1). Substantial evidence supports the Board's findings. So this argument is meritless as well.

We dismiss the petition to the extent it challenges the denial of a § 1186a(c)(4) waiver, and deny the remainder.