NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0189n.06

No. 10-4051

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MARK OSEI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |

Before:  MARTIN and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

PER CURIAM.  Mark Osei petitions for review of an order by the Board of Immigration Appeals (Board) affirming an immigration judge's (IJ) order finding him removable and denying his request for a good faith marriage waiver.  *See* 8 U.S.C. § 1186a(c)(4)(B).

Osei, a native and citizen of Ghana, entered the United States in 2001 and was granted conditional permanent resident status in 2003 based on his marriage to Joyce Williams, a United States citizen.  *See* 8 U.S.C. § 1186a(a).  They subsequently divorced in 2005.  Osei filed two petitions to remove the conditions on his permanent resident status, seeking a waiver of the requirement that he and Williams jointly file the petition.  *See* 8 U.S.C. § 1186a(c)(4)(B).  The government denied both petitions, concluding that Osei had failed to establish that he entered into his marriage in good faith.

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The government initiated removal proceedings against Osei based on the termination of his conditional permanent resident status. *See* 8 U.S.C. § 1227(a)(1)(D)(I). At a hearing before the IJ, Osei conceded that he was removable, but renewed his request for a waiver of the joint filing requirement. The IJ concluded that Osei was not credible and had failed to meet his burden of establishing that he entered into his marriage in good faith. The IJ found that both Osei and his supporting witness gave inconsistent, vague, and evasive testimony; that there was a lack of documentation showing that Osei and Williams had established a life together; and that Osei had been unable, in his interview with immigration authorities, to recall the names of Williams's family members, or the date of his wedding. Accordingly, the IJ denied Osei's waiver request and ordered him removed to Ghana. The Board dismissed Osei's appeal.

An alien who gains conditional permanent resident status by marrying a United States citizen is required to file a joint petition with his spouse to remove the conditional basis of his status. *See* 8 U.S.C. § 1186a(c)(1). A conditional permanent resident may seek a waiver of the joint filing requirement, however, by showing that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the [joint filing] requirements." 8 U.S.C. § 1186a(c)(4)(B). The decision to grant a waiver under this provision is within "the Attorney General's discretion." 8 U.S.C. § 1186a(c)(4). In reviewing a waiver application, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." *Id.*

We have jurisdiction to review a final order of removal. *See* 8 U.S.C. § 1252(a)(5); *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011). That jurisdiction is limited, however, and does not extend to review of a "decision or action of the Attorney General" that is specified by statute as being discretionary. 8 U.S.C. § 1252(a)(2)(B)(ii); *see Kucana v. Holder*, 130 S. Ct. 827, 836-37 (2010); *Giraldo*, 654 F.3d at 611-12. Although we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), and non-discretionary decisions underlying determinations that are ultimately discretionary, *see Abdulahad v. Holder*, 581 F.3d 290, 297 (6th

Cir. 2009), Osei does not raise these types of claims.  Rather, he argues that the IJ and the Board erred by deeming his testimony incredible, disregarding evidence concerning his marriage, and failing to credit his explanations for certain discrepancies in the record.  These arguments are directed at the credibility determinations and the weight afforded to the evidence made by the IJ and the Board.  Because these determinations are explicitly committed to the discretion of the Attorney General, we lack jurisdiction to review them. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Abdulahad*, 581 F.3d at 297.

Accordingly, we dismiss the petition for review.