**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0787n.06

**No. 11-3562**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jul 20, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOSE CAMPOS ZAMUDIO and MARIA ARACELI CAMPOS-ARIAS, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW OF A FINAL ORDER OF REMOVAL BY THE BOARD |
| v. | ) ) | OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) | |

Before: SUTTON and GRIFFIN, Circuit Judges; DOWD, District Judge.[*]

SUTTON, Circuit Judge. Jose Campos Zamudio and Maria Araceli Campos-Arias, husband and wife, illegally entered the United States from Mexico in the mid-1990s. After learning of their presence, the government started removal proceedings against them in December 2006. Conceding that the illegal entry subjected them to deportation, 8 U.S.C. § 1182(a)(6)(A)(i), they applied for cancellation of removal. Under federal immigration law, "[t]he Attorney General may cancel removal of . . . an alien who is . . . deportable from the United States if the alien" demonstrates the following: (1) he has been physically present in the country for a continuous ten-year period, (2) he "has been a person of good moral character during such period," (3) he has not been convicted of any identified offenses, and (4) "removal would result in exceptional and extremely unusual hardship

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

An immigration judge denied both applications. He held that the petitioners were not eligible for cancellation of removal because (1) Zamudio falsely stated on his application that he had returned to Mexico only once when in fact he had returned several other times, all of which showed he had not been in the country continuously for ten years and did not meet the good-character requirement; (2) Campos-Arias did not meet the good-character requirement because she had been arrested for shoplifting and did not disclose the point in her application; and (3) removal would not cause extreme hardship for the couple's U.S.-citizen daughter because treatment for her hearing condition is available in Mexico. The immigration judge added that, due to the misrepresentations and omissions in the applications, he "would not grant either [petitioner's] application for cancellation of removal as a matter of discretion." A.R. 81. The Board of Immigration Appeals affirmed the immigration judge's decision in all respects.

When the Attorney General, acting through the Board, denies an alien's application for cancellation of removal, we lack jurisdiction to review discretionary aspects of the decision. 8 U.S.C. § 1252(a)(2)(B); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). We retain jurisdiction to review non-discretionary aspects of the decision, namely "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha*, 535 F.3d at 502.

No. 11-3562
*Zamudio, et al. v. Holder*

Invoking the second category, petitioners argue that the Board applied incorrect legal standards and ignored its own precedent in determining they did not meet several of the eligibility requirements. But even if petitioners are correct as to each of the eligibility factors, points we need not decide, they face an insurmountable hurdle. The Board also denied their applications as a matter of discretion based on the petitioners' lack of candor in their applications. "The government retains discretion to deny relief even if the applicant satisfies all four [eligibility requirements]." *Perez-Roblero v. Holder*, 431 F. App'x 461, 465 (6th Cir. 2011); *see also Patel v. Ashcroft*, 401 F.3d 400, 404 (6th Cir. 2005) (cancellation of removal is "a remedy that is discretionary at all events"). The petitioners have not identified any legal questions over which we might have jurisdiction underlying the Board's ultimate exercise of discretion. Nor can we discern any. The Board based its decision on the petitioners' lack of candor, a legitimate and common ground for denying discretionary relief. *See, e.g.*, *Sokolov v. Gonzales*, 442 F.3d 566, 569 (7th Cir. 2006); *Westover v. Reno*, 202 F.3d 475, 479, 482 (1st Cir. 2000). Because the Board denied petitioners' applications as a matter of discretion, we have no grounds to set aside the Board's order.

The petitioners separately argue that the Board committed three procedural errors: (1) the Board erred by not sending them a final transcript of the hearing and the immigration judge's decision prior to setting a briefing schedule; (2) the Board violated the Paperwork Reduction Act by sending both preliminary and final versions of the transcripts; and (3) the Board erred by not explaining why it denied their request to have the case decided by a three-member panel. Although

- 3 -

we have jurisdiction to review these "questions of law," 8 U.S.C. § 1252(a)(2)(D), none of them justifies setting aside the Board's order.

We have seen the first two arguments before. *See Johns v. Holder*, 678 F.3d 404, 408 (6th Cir. 2012). Both arguments fail here for the same reasons they failed there. The petitioners have not shown any prejudice from the Board's delay in providing final transcripts. Nor have they identified the provisions of the Paperwork Reduction Act that the Board supposedly violated or for that matter explained why a paperwork-generating remand is an appropriate remedy. *Id*.

The petitioners' last claim comes to the same end. The Board assigns cases to a single member for disposition unless the case meets one of six criteria for assignment to a three-member panel. 8 C.F.R. § 1003.1(e). The petitioners contend their case satisfies three of the criteria—the immigration judge's decision (1) "need[ed] to [be] reverse[d]" because it (2) was "not in conformity with the law" and (3) involved "a clearly erroneous factual determination," *id*. §§ 1003.1(e)(6)(iii), (v), (vi). But they offer no developed argument as to why they are entitled to an explanation of the reasons their case did not meet the listed criteria, much less why the lack of such an explanation merits a remand. The argument is forfeited. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

For these reasons, we deny the petition for review.