NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0345n.06

Nos. 14-3565/4222

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*May 08, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SEBASTIAN ESCALADA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE: SILER, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Sebastian Escalada petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his petition to remove the conditional status of his permanent residency. Escalada also petitions for review of an order denying his motion to reopen.

Escalada is a native and citizen of Argentina. In 1998, he entered the United States as a conditional lawful permanent resident based on his marriage to a United States citizen. In September 2000, Escalada and his first U.S. citizen wife filed a joint petition to remove the conditional status of his residency. The couple divorced shortly thereafter, however, and Escalada withdrew the joint petition. In 2002, Escalada filed his own petition to remove the conditional status of his residency, seeking a hardship waiver from the requirement that he file a joint petition on the basis that he married in good faith and the marriage ended in divorce. *See* 8 U.S.C. § 1186a(c)(4)(B).

After the United States Citizenship and Immigration Services (USCIS) denied Escalada's petition and terminated his permanent resident status in 2009, he sought review by an IJ. The IJ denied Escalada's petition and ordered him removed to Argentina, concluding that Escalada and his former wife did not testify credibly and that Escalada failed to otherwise show that he married in good faith. The BIA affirmed the IJ's decision.

A few months later, Escalada filed a motion to reopen proceedings with the BIA, which the BIA denied. In his motion, Escalada argued, for the first time, that he was eligible under 8 U.S.C. § 1227(a)(1)(H) for a waiver of inadmissibility. The BIA rejected this argument for two reasons. First, Escalada had failed to seek a waiver under § 1227(a)(1)(H) below and had given no explanation for this failure. Second, Escalada was not eligible for a waiver under § 1227(a)(1)(H) because that provision "only waives misrepresentation or fraud related grounds of removability and [Escalada] was charged as being removable under [8 U.S.C. § 1227(a)(1)(D)] as a conditional resident whose status was terminated." In his motion, Escalada, also for the first time, requested the BIA reopen proceedings based on a pending I-130 application for adjustment of status filed by his fourth U.S. citizen wife, Sarah Escalada. The BIA rejected this argument, noting that Escalada had a criminal history, that his case had been pending before the Immigration Judge for eight years, and that Escalada had failed to raise the possibility of an I-130 application to the BIA despite having married Sarah Escalada before his initial BIA hearing. Escalada does not seek review of the BIA's decision regarding the I-130 application.

On appeal, Escalada raises the following arguments: (1) the IJ and BIA erred when deciding whether he married in good faith by departing from the regulations and case law and imposing their own standards; (2) the BIA erred by mischaracterizing certain testimony; (3) the

BIA erred when assessing the strength and consistency of the testimony and evidence by failing to consider the impact of the USCIS's long delay in adjudicating the petition; and (4) the IJ's improper questions and comments denied him due process. Escalada also argues that the BIA abused its discretion in denying his motion to reopen.

We lack jurisdiction to review the BIA's factual determinations regarding whether Escalada married in good faith. 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii); *see Johns v. Holder*, 678 F.3d 404, 405–06 (6th Cir. 2012). It is true that in *Johns v. Holder* we ruled—essentially as part of an alternate basis for denying the petition in that case—that we could still review for substantial evidence whether a marriage was bona fide. 678 F.3d at 407. Because the substantial evidence standard of review by its nature addresses factual determinations, it is somewhat anomalous to apply it when our jurisdiction extends only to purely legal determinations. The language in *Johns* may not be binding because it was not necessary to the holding in that case, but we need not make that determination because, even in *Johns*, we recognized that it would be "very difficult, if not impossible, to overrule a hardship-waiver decision premised on lack of credibility," and we explained that the BIA in *Johns* accepted the credibility of the witnesses. *Id.* That is not the case here, where the IJ found neither Escalada nor his first wife credible and the BIA upheld these findings. Thus, *Johns* is distinguishable, and we accordingly lack jurisdiction over any determinations of the agency that are not purely legal or constitutional. *See Ettienne v. Holder*, 659 F.3d 513, 518 (6th Cir. 2011); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747–48 (6th Cir. 2006). We may however review questions of law and constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(D); *Johns*, 678 F.3d at 406.

To the extent that Escalada's arguments in No. 14-3565 present pure questions of law, the arguments lack merit. Escalada has not shown that the IJ or BIA departed from established law

and imposed their own standards when deciding whether he married in good faith. Escalada has also not shown that the BIA mischaracterized testimony. The BIA was not required to explicitly consider whether the USCIS's delay in adjudicating Escalada's petition adversely affected his ability to present supporting evidence. Finally, Escalada's due process claim fails because he has not shown that the IJ's allegedly improper questions and comments affected the outcome of his proceedings. *See Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009).

We have jurisdiction to review the BIA's denial of the motion to reopen because Escalada's motion to reopen raises grounds for relief that do not require review of the BIA's factual determinations regarding the bona fides of Escalada's first marriage. Escalada argues that, even assuming that his first marriage was fraudulent, he is eligible under 8 U.S.C. § 1227(a)(1)(H) for a waiver of inadmissibility because he is now married to another U.S. citizen with whom he has two U.S. citizen children. That section provides that the Attorney General, in her discretion, may waive certain provisions relating to the removal of an alien who is inadmissible because of fraud or misrepresentation, if the alien has an immediate relative who is a U.S. citizen or legal permanent resident and is otherwise admissible. 8 U.S.C. § 1227(a)(1)(H). The statute further specifies that "[a] waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." *Id.*

The BIA did not abuse its discretion in denying Escalada's motion to reopen because his motion raised only previously available grounds for relief. As observed by the BIA, § 1227(a)(1)(H) relief was available to Escalada before his initial BIA hearing, yet he failed to raise it. Escalada's only response to this point is to argue that he could not apply for a waiver under 8 U.S.C. § 1227(a)(1)(H) until the agency issued a final order concluding his first marriage

was fraudulent, *i.e.*, the BIA's denial of his appeal.  But the fraudulent act, not the final order, is the ground of inadmissibility, *see Avila-Anguiano v. Holder*, 689 F.3d 566, 568–69 (6th Cir. 2012), and therefore Escalada could have requested relief under § 1227(a)(1)(H) during his initial BIA hearing.

Accordingly, we deny Escalada's petitions for review.