CONCURRING IN PART AND DISSENTING IN PART
COLE, Chief Judge,
concurring in part and dissenting in part.
I agree with the majority that the district court erred in concluding that it lacked jurisdiction to consider the predicate legal question of whether Privett has been convicted of a specified offense against a minor. I further agree with the majority’s determination of the appropriate method for determining that question. However, I respectfully disagree as to its holding that this court lacks jurisdiction to review other constitutional and statutory claims.
The majority concludes that this court lacks jurisdiction over Privett’s constitutional due process and retroactivity claims. In doing so, the majority relies on its conclusion that “to adjudicate these claims, [this court] would be required to give the Secretary’s [discretionary] decision not to grant [Privett’s] petition a central role in our review.” (Maj. 381.) I believe this view is mistaken because Privett’s due process and retroactivity claims do not arise out of the Secretary’s discretionary decision, as the majority concludes. Rather, they stem from the broader question of whether Pri-vett may be subjected to the AWA’s general bar on the eligibility of convicted persons to submit petitions on behalf of spouses. As a result, I would hold that the district court erred in concluding that it lacked jurisdiction over these additional claims.
As the majority correctly notes, while discretionary decisions of the Secretary are non-reviewable, this court retains the authority to review predicate legal issues and other questions of law that are intertwined with discretionary decisions. See Johns v. Holder, 678 F.3d 404, 406 (6th Cir. 2012). Constitutional due process and retroactivity challenges to the Adam Walsh Child Protection and Safety Act of 2006 (“AWA”), Pub. L. No. 109-248, 120 Stat. 587, present such reviewable questions. See Burbank v. Johnson, No. 2:14-CV-292-RMP, 2015 WL 4591643, at *5 (E.D. Wash. July 29, 2015) (finding that retroactivity and due process claims were “distinct from the discretionary decision” of AWA); see also Suhail v. U.S. Att’y Gen., No. 15-cv-12595, 2015 WL 7016340, at *4, 8-10 (E.D. Mich Nov. 12, 2015) (noting that its review was limited to arguments not delegated to the Department of Homeland Security’s discretion). As a result, the district court had jurisdiction to review Privett’s due process and retroac-tivity claims.
For these reasons, I concur in part and dissent in part.