NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0348n.06

Case No. 23-3491

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 16, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| NATHANIEL KUMEDZRO, | ) | |
| Petitioner, | ) ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| PAMELA BONDI, Attorney General, | ) | APPEALS |
| Respondent. | ) ) | |
| | ) | OPINION |

Before: KETHLEDGE, MURPHY, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Nathaniel Kumedzro petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") denial of his request for a hardship waiver. A hardship waiver would allow Kumedzro to obtain permanent-resident status in the United States. For the reasons below, we deny Kumedzro's petition for review.

**I.**

Kumedzro is a native and citizen of Ghana. In 2010, he married Ester Thorne, a U.S. citizen, in Virginia following a customary marriage years earlier in Ghana. Later that year, Kumedzro became a conditional lawful permanent resident.

In 2012, Kumedzro filed a Form I-751 petition to remove conditions on residence, requesting a waiver of the joint-filing requirement on the basis that he had entered his marriage in good faith but, during the marriage, was battered or subjected to extreme cruelty by his spouse.

The U.S. Citizenship and Immigration Services ("USCIS") denied the petition and his request for a waiver because Kumedzro "failed to provide any credible evidence to substantiate [his] allegations of having been battered or subject to extreme cruelty by Ms. Thorne." A.R. 272.

In 2013, Kumedzro and Thorne filed a joint Form I-751 petition with USCIS. They were scheduled to appear for an interview before an immigration officer, but Thorne failed to appear and did not request to reschedule the interview. USCIS denied the joint Form I-751 petition, citing Thorne's failure to appear and the lack of sufficient evidence to establish that Kumedzro resided with Thorne, or that his marriage was entered into in good faith.

Kumedzro and Thorne divorced in 2015. The next year, Kumedzro filed another I-751 petition, this time seeking a hardship waiver of the joint-filing requirement on the basis that he had entered his marriage in good faith, but the marriage was terminated through divorce or annulment. USCIS denied the petition and his request for a waiver.

Kumedzro sought review from an IJ. The IJ held a hearing for Kumedzro to provide evidence and testimony about his marriage. The IJ ultimately denied Kumedzro's request for a waiver and his Form I-751 petition and ordered him removed to Ghana, finding that Kumedzro did not provide credible testimony in support of his petition and failed to corroborate his claim with reliable, independent evidence. Kumedzro appealed the IJ's decision to the BIA. The BIA upheld the IJ's decision. Kumedzro timely petitioned for review.

**II.**

Kumedzro raises one issue in his petition for review: Whether the BIA erred in holding that Kumedzro failed to establish that he had entered into his marriage with Thorne in good faith. We lack jurisdiction to consider Kumedzro's challenges to the credibility determinations made by the courts below. *See Elgebaly v. Garland*, 109 F.4th 426, 432 (6th Cir. 2024). And to the extent

that Kumedzro argues that substantial evidence does not support the BIA's determination, we disagree.

The Immigration and Nationality Act allows a noncitizen[1] who marries an American citizen to obtain permanent-resident status on a conditional basis. 8 U.S.C. § 1186a(a)(1). Generally, the noncitizen spouse and American spouse must file a joint petition with the Secretary of Homeland Security and submit to a personal interview with a Homeland Security employee to show that they entered into a "qualifying marriage" to remove the conditional status. *Id.* § 1186a(c)(1), (d)(1). But if the couple divorces before the joint petition is processed, the noncitizen can apply for a hardship waiver to "remove the conditional basis of the permanent resident status." *Id.* § 1186a(c)(4).

A noncitizen can seek a hardship waiver by showing that he entered into his marriage in good faith, and the marriage ended in divorce. *Id.* § 1186a(c)(4)(B). "A hardship waiver to the joint petition requirement is comprised of two steps." *Elgebaly*, 109 F.4th at 432. At the first step, immigration officials must assess whether the petitioner is statutorily "eligible for a hardship waiver." *Id.* At the second step, the Secretary of Homeland Security may, in her discretion, grant the waiver. *Id.*; 8 U.S.C. § 1186a(c)(4).

Our review is limited when a hardship waiver is denied. *Elgebaly*, 109 F.4th at 432. For the first step, "we may evaluate certain questions of law wrapped up in the eligibility determination." *Johns v. Holder*, 678 F.3d 404, 406 (6th Cir. 2012). But we cannot review the factual determinations within the first-step determination, like "what evidence is credible and the weight to be given that evidence." *Id.* (quoting 8 U.S.C. § 1186a(c)(4)). "We do not have

---

[1] We use the term "noncitizen" as equivalent to the statutory term "alien." *Santos-Zacaria v. Garland*, 598 U.S. 411, 414 n.1 (2023).

jurisdiction to review the second-step discretionary decision to deny the hardship waiver." *Elgebaly*, 109 F.4th at 432; *see* 8 U.S.C. § 1252(a)(2)(B)(ii).

Kumedzro primarily attacks the BIA's decision upholding the IJ's credibility determination. The BIA and the IJ found that Kumedzro testified inconsistently several times. Specifically, they highlighted that Kumedzro forgot which year he married Thorne, offered unclear testimony on whether he and his wife lived separately in 2011, and confused whether his wife had cut off the television and the internet service in her home before or after he arrived in the United States. Kumedzro attributes these inconsistencies to nervousness, cultural differences, lapses in his memory, and ignorance of customs and procedures in the United States. This is nothing more than a challenge to "[t]he determination of what evidence is credible." 8 U.S.C. § 1186a(c)(4). We thus lack jurisdiction to review this challenge. *See Elgebaly*, 109 F.4th at 432; *Johns*, 678 F.3d at 406.

After attempting to justify his inconsistent testimony, Kumedzro seemingly argues that the BIA's decision is not supported by substantial evidence. "[U]nder the highly deferential substantial-evidence test," the BIA's and the IJ's "findings stand unless any reasonable adjudicator would be compelled to disagree." *Marqus v. Barr*, 968 F.3d 583, 588 (6th Cir. 2020) (citation modified). "We may review generally whether substantial evidence supports a finding that a petitioner is ineligible for a hardship waiver." *Elgebaly*, 109 F.4th at 434. Still, we "must accept the [BIA's] decisions about the weight and credibility of the evidence in doing so." *Johns*, 678 F.3d at 407. Because the BIA and the IJ largely premised their denials of Kumedzro's hardship waivers on his lack of credible testimony, he faces a demanding standard to overturn the denial under the substantial-evidence test. *See id.* ("[O]ur constraint in second guessing weight and

credibility decisions will make it very difficult, if not impossible, to overrule a hardship-waiver decision premised on lack of credibility.").

Kumedzro cannot meet that standard here. Despite his testimonial inconsistencies, the IJ also found that the documents Kumedzro submitted to prove that he had entered his marriage in good faith—including a tax return, a joint bank statement, photographs of the couple, and affidavits from friends and family about the marriage—"often contradict[ed] his own testimony." A.R. 87. For example, the IJ noted that, although Kumedzro testified that he lived in Virginia with Thorne for the entire year in 2011, he submitted the transcript of an Ohio tax return from 2011 that reflected he was married but filing separately and living in Ohio. The IJ added that, although Kumedzro testified that he worked in Virginia in 2010 and 2011, he did not provide any evidence to support that claim or to show that he was living with Thorne in Virginia and not living separately in Ohio. As to the joint bank statement, the IJ found that the account had sparse use and a total of less than $30 in transactions, which failed to reflect a true commingling of assets or liabilities as would be expected in a bona fide marriage. The IJ also gave little weight to the affidavits from friends and family because they were vague and unsupported by record evidence. The IJ concluded that Kumedzro did not provide any objective evidence overall to demonstrate that his marriage to Thorne was bona fide at the time of its inception. The BIA upheld the IJ's findings.

Substantial evidence supports the BIA's conclusion that Kumedzro and Thorne did not enter into a good-faith marriage. Kumedzro did not present credible testimony. The joint bank statement shows sparse use of commingled assets, and the affidavits from friends and family are vague or conclusory. The tax return does not help Kumedzro's case either.

## III.

We **DENY** Kumedzro's petition for review.