[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11029
Non-Argument Calendar

_____

Agency No. A200-939-955


EMMA ESPERANZA MEDINA-MENENDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 8, 2014)

Before PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Emma Esperanza Medina-Menendez seeks review of a final order of the

Board of Immigration Appeals (BIA) denying her motion to reopen her

proceedings in order for her to apply for a Provisional Unlawful Presence Waiver under 8 C.F.R. § 212.7(e). The BIA denied Ms. Medina-Menendez's motion because she was already subject to a final order of removal and, thus, ineligible for the waiver she sought. On appeal, Ms. Medina-Menendez argues that she is eligible for the provisional waiver on almost all of the required criteria, that the congressional intent behind the waiver is to maintain "family unity," and that the BIA's decision effectively goes against this intent by not allowing her proceedings to be reopened.

The BIA's denial of a motion to reopen is reviewed for an abuse of discretion. *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). This review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (citation and internal quotation marks omitted). "Generally, motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Id.* (citation, alterations, and internal quotation marks omitted).

"The decision to grant or deny a motion to reopen . . . is within the discretion of the [BIA]," which "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Failure

2

to establish a *prima facie* case for relief is, however, one of the grounds upon which the BIA may deny a motion to reopen. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

An alien is not eligible for a provisional unlawful presence waiver if "[t]he alien is subject to a final order of removal issued under section 217, 235, 238, or 240 of the Act . . . any other provision of law."  8 C.F.R. § 212.7(e)(4)(vi). Because she was subject to a final order of removal, Ms. Medina-Mendez was ineligible for the Provisional Unlawful Presence Waiver.  As such, she could not establish a *prima facie* case that she was eligible for the relief she sought, and the BIA did not abuse its discretion in denying her motion to reopen.

**PETITION DENIED.**

3