**NOT RECOMMENDED FOR PUBLICATION**
File Name:  14a0890n.06

**Nos. 13-3953/14-3091**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| MARIO RODRIGO CUZCO-MORA, | ) | **FILED** |
|  | ) | Dec 02, 2014 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
|  | ) | APPEALS |
| Respondent. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; and HOOD, District Judge.[*]

GRIFFIN, Circuit Judge.

Petitioner Mario Rodrigo Cuzco-Mora, an Ecuador native and citizen, seeks review of a denial by the Board of Immigration Appeals ("BIA") of his motion to reopen his removal proceedings so he can seek administrative closure of his proceedings to apply for an I-601A provisional unlawful-presence waiver.  Because the BIA did not abuse its discretion in denying the motion to reopen, we deny the petition for review.

I.

Cuzco-Mora entered the United States without authorization.  He was placed in removal proceedings for being present in the United States without having been admitted or paroled, under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i).  He

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

admitted factual allegations related to his unlawful presence in the United States and conceded his removability.

Cuzco-Mora later filed an application for cancellation of removal. The immigration judge denied the application, and the BIA upheld the denial. In this appeal, Cuzco-Mora does not challenge the denial of cancellation of removal.

While Cuzco-Mora's appeal was pending before the BIA, the U.S. Department of Homeland Security ("DHS") issued a final rule establishing a provisional unlawful-presence waiver (Form I-601-A) for immediate relatives of U.S. citizens who must travel abroad to obtain an immigrant visa from the U.S. Department of State. *See* 78 Fed. Reg. 536 (Jan. 3, 2013); 8 C.F.R. § 212.7. After the BIA denied Cuzco-Mora's appeal, he filed a timely motion to reopen the decision in order to administratively close his removal proceedings to qualify for an I-601A waiver. Cuzco-Mora asked the BIA to remand his case for the immigration judge to consider administrative closure, or, in the alternative, for the BIA to administratively close his case. DHS opposed the motion to reopen, observing that administrative closure "is a procedural tool created for the convenience of the Immigration Courts and the Board," and is "commonly used when an application is pending . . . which could impact *ongoing* proceedings." (Emphasis in original.) It explained that because Cuzco-Mora's case "has been litigated to conclusion, and the respondent is subject to a final order of removal," reopening the case "only to administratively close it would be wholly irregular and it would create more work for the Board, defeating the purpose of administrative closure."

The BIA denied the motion to reopen on the basis that DHS had not extended eligibility for I-601A waivers to aliens under final removal orders. *See* 78 Fed. Reg. 536, 545, 577 (Jan. 3, 2013); 8 C.F.R. § 212.7(e)(4)(vi).

In this appeal, Cuzco-Mora challenges the BIA's denial of his motion to reopen, arguing that the BIA's basis for denial was legal error.

## II.

We have jurisdiction to review the denial of a motion to reopen. 8 U.S.C. § 1252(a); *Prekaj v. INS*, 384 F.3d 265, 268 (6th Cir. 2004). "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . [and it may] deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Motions to reopen immigration proceedings are generally disfavored. *See, e.g.*, *INS v. Doherty*, 502 U.S. 314, 323 (1992). "Accordingly, we review the BIA's denial of a motion to reopen for an abuse of discretion." *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). To reverse under this deferential standard, "[a] reviewing court must possess a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (internal quotation marks and alterations omitted). "In determining whether the Board abused its discretion, this Court must decide whether the denial of the motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (internal quotation marks and alterations omitted).

In its rule promulgating the I-601A waiver, DHS explained that the waiver was intended to benefit immediate relatives of U.S. citizens by reducing the time they are separated from their relatives while engaged in consular processing abroad. 78 Fed. Reg. 536, 536 (Jan. 3, 2013). DHS has expressly excluded from waiver eligibility (1) aliens "in removal proceedings, unless the removal proceedings are administratively closed and have not been recalendared at the time

of filing the Form I-601A," and (2) aliens "subject to a final order of removal issued under section 217, 235, 238, or 240 of the Act . . . or any other provision of law." *Id.* at 577 (codified at 8 C.F.R. § 212.7(e)(4)(v)−(vi)). In its final rule, DHS explained that several public commenters requested that DHS allow aliens with final orders of removal to participate in the waiver process. *Id.* at 545. However, after discussion, DHS observed that "because the success of this new provisional unlawful presence waiver relies on its efficient, streamlined approach and close coordination with the [National Visa Center], the provisional unlawful presence waiver process will not be expanded to include aliens with final removal orders." *Id.*

In this case, Cuzco-Mora was subject to a final removal order when he filed his motion to reopen his proceedings. Accordingly, the BIA did not abuse its discretion in denying Cuzco-Mora's motion to reopen on the basis that he would not be eligible for an I-601A waiver.

We are not persuaded by Cuzco-Mora's argument that the BIA abused its discretion because the provisional waiver "contemplate[s] administrative closure of cases in removal proceedings." Although the relevant procedural rules may allow for administrative closure after imposition of a final removal order, nothing in the language of the waiver rule expressly contemplates or exempts from ineligibility an alien subject to a final removal order who seeks to reopen his case only to administratively close it. Accordingly, we cannot say that the BIA abused its discretion.

At least one other court of appeals has considered this issue in the context of a motion to reopen removal proceedings. In *Medina-Menendez v. U.S. Attorney General*, 574 F. App'x 912 (11th Cir. 2014) (per curiam), the Eleventh Circuit held that the BIA did not abuse its discretion in denying a motion to reopen because aliens subject to final orders of removal are ineligible for

I-601A waivers. *Id.* at 913. The Eleventh Circuit's decision provides additional support for our conclusion that the BIA did not abuse its discretion in this case.[1]

### III.

Finally, Cuzco-Mora argues that the BIA's practice of issuing a briefing schedule after the immigration judge has released a written transcript of the oral decision but before releasing the final, signed decision violates Cuzco-Mora's due process rights and the Paperwork Reduction Act. We review alleged due process violations in immigration proceedings de novo. *See Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007).

First, to the extent that Cuzco-Mora alleges the BIA violated his due process rights, he has failed to establish prejudice. As the BIA observed, the Chairman and Chief Immigration Judge of the BIA are tasked with determining "the most effective and expeditious way to

---

[1]Two additional arguments merit brief mention. First, we are unpersuaded by Cuzco-Mora's contention that the BIA abused its discretion by failing to exercise independent judgment. The basis of his argument is a footnote in the BIA's order that states, "[s]hould the DHS decide to join in a motion to reopen and terminate proceedings, the motion can be refiled. *See* 8 C.F.R. § 1003.2(c)(3)(iii)." Cuzco-Mora interprets the footnote as stating that the BIA would have granted his motion to reopen if DHS had jointly agreed. We disagree. The footnote merely informs the parties that the "time and numerical limitations" on motions to reopen do not apply if the motion is filed jointly. *See id.*

Second, Cuzco-Mora argues that the BIA abused its discretion by failing to treat similarly situated parties similarly. He cited two cases before the BIA, neither of which involved a final removal order. On appeal, Cuzco-Mora cites seven additional cases. To the extent that we may consider these cases that were not raised before the BIA, we disagree that they establish the requisite "inexplicabl[e] depart[ure] from established policies" in this case. *See Sako*, 434 F.3d at 863. In the first case, the BIA "express[ed] no opinion regarding the ultimate outcome of the respondent's motion." In the remaining cases, the BIA did not directly consider the question now before us—whether an alien subject to final removal order is eligible for an I-601A waiver. That the BIA has previously exercised its discretion to grant a joint motion to reopen and terminate proceedings without prejudice while an alien filed a motion for administrative closure before seeking a waiver does not establish that the BIA abused its discretion in this case. Nor is it an abuse of discretion in this case for the BIA to reach the eligibility question in denying the discretionary motion to reopen.

transcribe proceedings before the immigration judges, and [shall] take such steps as necessary to reduce the time required to produce transcripts of those proceedings and improve their quality." 8 C.F.R. § 1003.5. Under current procedure, an immigration judge issues an oral decision, and, where a transcript is required, "the immigration judge shall review the transcript and approve the decision within 14 days of receipt." *Id.* Where there are no prejudicial changes between the preliminary and final copies of the immigration judge's decision, this practice does not violate a petitioner's due process rights. *See, e.g.*, *Shewchun v. Holder*, 658 F.3d 557, 570 (6th Cir. 2011); *Garza-Moreno*, 489 F.3d at 241−42.

In this case, Cuzco-Mora "does not point to *any* differences, much less any prejudicial changes, between the preliminary and final copies" of the immigration judge's decision. *Shewchun*, 658 F.3d at 570. He therefore has not established a violation of his due process rights. Nor has he established prejudice related to preparing his appeal brief because there was no difference between the preliminary and final copies, and he was granted a three-week extension of the briefing schedule.

Finally, Cuzco-Mora argues that the BIA violated the Paperwork Reduction Act. We have considered and rejected this argument several times before. *See, e.g.*, *Zamudio v. Holder*, 490 F. App'x 704, 706 (6th Cir. 2012) (holding, *inter alia*, that the petitioner's argument failed because she did not establish prejudice resulting from the alleged violation).

The Paperwork Reduction Act of 1980 ("PRA"), 44 U.S.C. § 3501 *et seq.*, "prohibits any federal agency from adopting regulations which impose paperwork requirements on the public unless the information is not available to the agency from another source within the Federal Government." *Dole v. United Steelworkers of Am.*, 494 U.S. 26, 32 (1990). Congress enacted the PRA to reduce the federal paperwork burden on individuals, small businesses, state and local

government, and other persons, and to minimize the cost to the federal government of collecting and disseminating information. 44 U.S.C. § 3501. As we have said before, "[w]e appreciate the goal of reducing the paperwork generated by our legal system, and we will do our part here by dispatching this argument quickly—and just once." *Suarez-Diaz v. Holder*, 565 F. App'x 414, 422−23 (6th Cir. 2014) (quoting *Johns v. Holder*, 678 F.3d 404, 408−09 (6th Cir. 2012)).

In this case, as in our prior cases, Cuzco-Mora simply argues that the BIA has violated the spirit of the PRA. He has not identified which provision of the PRA has been violated, established any resulting prejudice, or explained why a paper-generating remand is a useful remedy.[2] We cannot conclude that the BIA violated the PRA.

IV.

For these reasons, we deny Cuzco-Mora's petition for review.

---

[2]In this case, Cuzco-Mora's counsel does not actually seek remand, but asks us how to "make this practice stop" in future cases. To prevail on a due process challenge to deportation proceedings, a petitioner must establish "error and substantial prejudice." *Garza-Moreno*, 489 F.3d at 241 (internal quotation marks omitted). Prejudice may include a substantive difference between the immigration judge's preliminary decision and final decision. *Cf. Shewchun*, 658 F.3d at 570.