# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3889

_____

Thuy Thi Thanh Nguyen,               \*

                       \*

           Petitioner,        \*

                       \*

       v.                  \*  Petition for Review of

                       \*  an Order of the Board

Michael B. Mukasey,          \*  of Immigration Appeals.

Attorney General,            \*

                       \*     [PUBLISHED]

          Respondent.       \*

_____

Submitted:  March 11, 2008
Filed: April 14, 2008

_____

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Thuy Thi Thanh Nguyen petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) order of removal and denial of Ms. Nguyen's application for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B) (waiver of joint-petition requirement to remove conditions upon permanent resident status).[1] Respondent has moved to dismiss, asserting that we lack

_____

[1] The permanent resident status of an alien like Ms. Nguyen, who obtains such status through marriage to a United States citizen, remains conditional for two years until the alien and his or her citizen spouse jointly petition for removal of the

jurisdiction over the discretionary denial of the hardship waiver and that we should not review the IJ's findings that Ms. Nguyen was removable under 8 U.S.C. § 1227(a)(1)(G)(i) for committing marriage fraud and under 8 U.S.C. §§ 1227(a)(1)(A) and 1182(a)(6)(C)(i) for fraudulently procuring an immigration benefit, because the BIA declined to rule on these findings given Ms. Nguyen's concession of removability under 8 U.S.C. § 1227(a)(1)(D) (termination of conditional permanent resident status). For the following reasons, we deny respondent's motion to dismiss.

Although respondent is correct that we lack jurisdiction to review either the BIA's discretionary decision to deny a hardship waiver, see 8 U.S.C. § 1252(a)(2)(B)(ii), or the BIA's determinations, in relation to a hardship-waiver decision, as to what evidence is credible and how much weight to give that evidence, see 8 U.S.C. § 1186a(c)(4)(B), we have jurisdiction to review constitutional claims or questions of law raised in a petition for review, see 8 U.S.C. § 1252(a)(2)(D), and we may also review the nondiscretionary determinations underlying the denial of relief, such as the predicate legal question of whether the IJ properly applied the law to the facts in determining the alien's eligibility for discretionary relief, see Pinos-Gonzalez v. Mukasey, No. 07-1299, 2008 WL 583677, at *2 (8th Cir. Mar. 5, 2008); Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005). Here, the BIA did not exercise its discretion and deny Ms. Nguyen a waiver; rather, the BIA found that because Ms. Nguyen failed to prove that she entered into the qualifying marriage in good faith, she did not meet the eligibility requirements even to be considered for a

---

conditional basis. See 8 U.S.C. § 1186a. In instances where the qualifying marriage is terminated prior to the two-year anniversary date, as it was in Ms. Nguyen's case, the Attorney General has discretion to waive the joint-petition requirement and remove the conditional basis of the permanent resident status if the alien demonstrates that "the qualifying marriage was entered into in good faith by the alien." See 8 U.S.C. § 1186a(c)(4)(B).

hardship waiver.[2]  We have jurisdiction to consider what the legal standard is for the good-faith determination and to review the threshold determination of whether the credited evidence meets the good-faith standard.

As to the findings of removability, even though Ms. Nguyen conceded removability under section 1227(a)(1)(D)(i), we are obliged to review the decision that Ms. Nguyen is removable for having committed marriage fraud and for having procured an immigration benefit by fraud or willful misrepresentation, because such findings could result in a permanent bar to entry into the United States.  See 8 U.S.C. § 1252(a)(1) (appeals court has jurisdiction to review final removal order); see also Ymeri v. Ashcroft, 387 F.3d 12, 18 (1st Cir. 2004) (appeals court is required to review finding that alien is removable under § 1182(a)(6)(C)(i), even if alien is removable on other grounds, because finding of fraud or willful misrepresentation results in permanent bar to entry into United States).

We therefore conclude that we have jurisdiction to consider the questions raised in Ms. Nguyen's petition for review.  Accordingly, we deny respondent's motion to dismiss.

———————————————

[2]Nor did the BIA or the IJ explicitly find Ms. Nguyen not credible.  See Mohamed v. Gonzales, 477 F.3d 522, 527 (8th Cir. 2007) ("implicit credibility finding made in passing does not suffice").  Thus, the holdings in Suvorov v. Gonzales, 441 F.3d 618, 620-22 (8th Cir. 2006), and Ignatova v. Gonzales, 430 F.3d 1209, 1212-13 & n.4 (8th Cir. 2005), which focus on adverse credibility determinations, do not preclude jurisdiction of this appeal.