14-2635-ag
*Otavalo Montoya v. Lynch*

BIA
Straus, IJ
A055 462 268

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand fifteen.

PRESENT:
        ROSEMARY S. POOLER,
        RAYMOND J. LOHIER, JR.,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

CARMEN GERMANIA OTAVALO MONTOYA,
            *Petitioner,*

        v.                                        14-2635-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*[1]

_____

FOR PETITIONER:          Kevin E. Dehghani, New Haven, CT.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation (Joyce R. Branda, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Carmen Germania Otavalo Montoya, a native and citizen of Ecuador, seeks review of a June 27, 2014 decision of the BIA affirming the December 17, 2012 decision of an Immigration Judge ("IJ") denying her applications for a waiver and voluntary departure. *In re Carmen Germania Otavalo Montoya*, No. A055 462 268 (B.I.A. June 27, 2014), *aff'g* No. A055 462 268 (Immig. Ct. Hartford Conn. Dec. 17, 2012). Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien granted conditional permanent residence based on her marriage to a U.S. citizen must jointly petition with her spouse to

2

remove the conditional basis of her residence. *Id*. § 1186a(c)(1). The agency may waive the joint petitioning requirement if, inter alia, the alien demonstrates that "extreme hardship would result" if she were removed. 8 U.S.C. § 1186a(c)(4)(A). We have not yet decided if the determination of whether an alien is eligible for a hardship waiver under Section 1186(c)(4) is committed to the discretion of the agency. *See Contreras-Salinas v. Holder*, 585 F.3d 710, 713 (2d Cir. 2009). The majority of our sibling circuits to have considered this issue have held that the agency's determination of a petitioner's eligibility under Section 1186(c)(4) is a non-discretionary decision and therefore subject to judicial review. *See Johns v. Holder*, 678 F.3d 404, 407 (6th Cir. 2012); *Singh v. Holder*, 591 F.3d 1190, 1193—97 (9th Cir. 2010); *Nguyen v. Mukasey*, 522 F.3d 853, 854—55 (8th Cir. 2008); *Cho v. Gonzales*, 404 F.3d 96, 99—102 (1st Cir. 2005). *But see Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (holding eligibility determination cannot be reviewed); *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159–60 (3d Cir. 2004) (same). We reserve this question for another day, as here the agency plainly did not err in determining that Otavalo Montoya failed to demonstrate extreme hardship. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by

3

statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit."). As the agency found, Otavalo Montoya's evidence indicated that the "hardship involved is not significantly greater than that which would be experienced by any other alien who is removed to her home country." App'x at 3; *see* 8 C.F.R. § 216.5(e)(1).

We lack jurisdiction to review the agency's denial of voluntary departure. 8 U.S.C. § 1229c(f). However, we are not precluded from reviewing constitutional claims or questions of law. *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007). Otavalo Montoya contends that the IJ erred by taking into account a prior finding that her marriage was not bona fide. But this argument "merely quarrels over the . . . justification for the [IJ's] discretionary choices" and presents neither a constitutional claim nor a legal question. *Id.* at 98 (internal quotation marks omitted). In any event, the agency did not rely on this finding in its affirmance. Rather, the agency agreed with the IJ that even if Otavalo Montoya met the statutory requirements for voluntary departure, she did not warrant relief as an exercise of discretion because she declined to answer questions posed by the government about her marriage — an issue the IJ found relevant to the exercise of discretion. Otavalo Montoya also argues that in relying on her refusal to so testify the IJ and

4

the agency committed legal error.  However, Otavalo Montoya bore the burden to show that she warranted voluntary departure, *see* 8 C.F.R. § 1240.8(d); the IJ reasonably concluded that she failed to meet her burden when she declined to offer such testimony in support of her application.  Accordingly, Otavalo Montoya has not raised a colorable claim that the agency erred in denying her application for voluntary departure as a matter of discretion.  *See* 8 U.S.C. § 1229c(f); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED in part, as to review of the denial of the hardship waiver, and DISMISSED in part, as to review of the denial of voluntary departure.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5