# United States Court of Appeals for the Fifth Circuit

No. 21-60364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2022

Lyle W. Cayce
Clerk

Raksmey Yin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 362 667

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Raksmey Yin, a native and citizen of Cambodia, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her petition to remove conditions on her permanent resident status. Yin contends that the BIA incorrectly

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

determined that she had the burden of demonstrating that she entered into her qualifying marriage in good faith and applied the wrong legal standard.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We lack jurisdiction to review the factual findings relevant to the purely discretionary decision whether to grant a waiver. *See Patel v. Garland*, 142 S. Ct. 1614, 1622-27 (2022). Legal determinations are reviewed de novo. *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2021).

An alien may obtain permanent resident status on a conditional basis by marrying a U.S. citizen. 8 U.S.C. § 1186a(a)(1). The conditional basis of that status may be removed, making the alien a lawful permanent resident, if the alien and the citizen spouse jointly file a petition during the 90-day period preceding the two-year anniversary of the grant of conditional status. § 1186a(c)(1)(A) and (d)(2)(A). However, if the alien and the citizen spouse separate within the first two years of marriage, the alien may file a petition and seek a waiver of the joint filing requirement by demonstrating that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of [§ 1186a(c)(1)(A)]." § 1186a(c)(4)(B). While the decision whether to grant or deny a waiver of the joint filing requirement is discretionary and unreviewable, "the 'predicate legal question of whether the IJ properly applied the law to the facts in determining the alien's eligibility for discretionary relief' is a question of law properly raised in a petition for review." *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009) (quoting *Nguyen v. Mukasey*, 522 F.3d 853, 855 (8th Cir. 2008)). While Yin argues that the BIA incorrectly determined that she had the burden of demonstrating that she entered into her qualifying marriage in good faith, § 1186a explicitly provides that an alien unable to meet the joint filing

requirements may have the conditional basis of her permanent resident status removed "if the alien demonstrates that" certain requirements are met. § 1186a(c)(4); *see* 8 CFR § 1216.5(a)(1). Moreover, we have recognized that to be eligible for a waiver of the joint filing requirements, the petitioner must demonstrate that the qualifying marriage was entered into in good faith. *Alvarado de Rodriguez*, 585 F.3d at 230. Accordingly, the BIA did not err in determining that Yin had the burden of demonstrating that she entered into her qualifying marriage in good faith.

Contrary to Yin's contention, "[t]he conduct of the parties after marriage is relevant to their intent at the time of marriage." *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (BIA 1983). "In considering whether an alien entered into a qualifying marriage in good faith," one must "consider evidence relating to the amount of commitment by both parties to the marital relationship." § 1216.5(e)(2). In this case, the IJ found that Yin failed to demonstrate that she entered into her qualifying marriage in good faith because months after receiving her conditional residential status she entered into a romantic relationship with her current husband. Specifically, the IJ noted that she was listed on a residential lease with her second husband shortly after receiving her conditional resident status; that she identified her second husband's parents' home as her residence after being arrested; and that shortly after separating from her initial husband, she traveled to Cambodia with her new husband. In light of the foregoing, the BIA did not err in concluding that Yin was ineligible for a good-faith marriage waiver because she failed to provide legally sufficient evidence to establish that her qualifying marriage was entered into in good faith. *See* § 1186a(c)(4)(B).

Based upon the foregoing, the petition for review is DENIED.