NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0637n.06

**Case No. 19-3234**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>GENARO BERNARDINO MURILLO,</td><td>)</td><td rowspan="10"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    *Petitioner*,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>WILLIAM P. BARR, Attorney General</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    *Respondent*.</td><td>)</td></tr>
</table>

FILED
Dec 27, 2019
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

O P I N I O N

BEFORE:     COLE, Chief Judge; SILER and MURPHY, Circuit Judges.

COLE, Chief Judge.  Genaro Bernardino Murillo ("Bernardino") seeks review of an order from the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal.  Congress, however, has severely restricted our ability to review orders denying cancellation of removal.  Our limited jurisdiction means that in this case we have no ability to review Bernardino's unexhausted due-process claim, and his other claims for relief—regardless of their merit—are futile.  Accordingly, we dismiss the petition in part for lack of jurisdiction and otherwise deny the petition.

**I.**

Bernardino is a native of Mexico.  He first entered the United States without authorization in 1995.  In 1998, he went back to Mexico for about two months.  Upon his return to the United

States, he attempted to gain entry with a fake birth certificate but was turned away and returned to Mexico following expedited removal proceedings. The next day Bernardino crossed the border without authorization and has since remained in the United States. In the last two decades, he has purchased a house with his wife in New Carlisle, Ohio; started his own business; and raised a family, including five biological children and three adopted children. All eight of his children are United States citizens.

In December 2009, the Department of Homeland Security initiated removal proceedings against Bernardino by issuing a Notice to Appear. Bernardino made an appearance in the immigration court in Cleveland, conceded removability, and applied for cancellation of removal under Section 240A of the Immigration and Nationality Act ("INA"). He provided over four hundred pages of documents in support of his application.

On May 21, 2012, Bernardino testified at an individual hearing before an Immigration Judge ("IJ"). Following the 2012 hearing, more than five years passed without a decision on Bernardino's application. In the interim, the original IJ retired, and a new IJ took over the case. On September 29, 2017, the new IJ issued a decision and order denying Bernardino's application for cancellation of removal. Based solely on a review of the record and without holding a new hearing, the new IJ determined that Bernardino lacked credibility "due to inconsistencies between his application and his testimony" five years prior. (IJ Decision, AR 91.) The IJ moreover concluded that even if Bernardino were credible, his application would still be denied because he had failed to establish "good moral character," had not demonstrated "exceptional and extremely unusual hardship," and, in any event, did not qualify for cancellation of removal "as a matter of discretion." (IJ Decision, AR 92–95.)

Bernardino appealed the IJ's decision to the BIA on several grounds. Most relevant here, Bernardino averred that his right to due process was violated because the IJ did not consider the entire record. Specifically, Bernardino argued to the BIA that because the IJ's decision did not reference his written closing statement, "the Immigration Judge, who[] was not sitting on the bench at the time of the May 21, 201[2] hearing, rendered a decision without considering the entire record of proceedings." (BIA Br., AR 25.) Bernardino also argued that the IJ's credibility finding was unsupported by substantial evidence; the IJ incorrectly applied the law with respect to the hardship factor; the IJ clearly erred in rendering a negative moral-character determination, including considering events that occurred outside of the relevant statutory period; and the IJ abused his discretion in deciding that Bernardino's case did not warrant favorable discretion.

On March 8, 2019, the BIA issued a decision and order affirming the IJ's decision. The BIA concluded that there was "support in the record" for the IJ's credibility finding. (BIA Decision, AR 3.) Likewise, the BIA found support for the IJ's moral-character determination because Bernardino "did not testify with candor to the court" at the 2012 hearing. (BIA Decision, AR 4.) The BIA did not address the hardship factor, but it did determine that "even assuming [Bernardino] were otherwise eligible, he has not demonstrated that he warrants the relief of cancellation of removal as a matter of discretion." (*Id.*) Finally, the BIA reviewed Bernardino's due-process argument de novo and concluded that he had "received a full and fair hearing" and had not "established a violation of due process or prejudice from the alleged violation." (BIA Decision, AR 5.) The BIA accordingly dismissed the appeal.

On March 26, 2019, Bernardino filed a timely petition in this court for review of the BIA's order. His petition raises three challenges: (1) his right to due process was violated because the IJ made a decision, including an adverse credibility determination, without observing Bernardino's

testimony first-hand and without holding a new hearing; (2) the BIA and IJ erroneously relied on incidents outside of the relevant ten-year statutory period for determining good moral character; and (3) the IJ incorrectly applied the standards for determining whether "exceptional and extremely unusual hardship" exists.

## II.

Bernardino seeks relief under Section 240A of the INA, codified at 8 U.S.C. § 1229b(b)(1). This provision gives the Attorney General the discretion to cancel the removal of a nonpermanent resident if four criteria are met: (1) the person "has been physically present in the United States for a continuous period of not less than 10 years" immediately prior to applying for cancellation of removal; (2) the person "has been a person of good moral character during such period"; (3) the person has not committed a disqualifying crime; and (4) the person "establishes that removal would result in exceptional and extremely unusual hardship" to a "spouse, parent, or child" who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1). Even if these requirements are satisfied, cancellation of removal is discretionary. *Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722 (6th Cir. 2015).

Section 242 of the INA, codified at 8 U.S.C. § 1252, provides for "[j]udicial review of a final order of removal." 8 U.S.C. § 1252(a)(1). Generally, "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b." *Id.* § 1252(a)(2)(B)(i). But the statute makes an exception for "constitutional claims or questions of law raised upon a petition for review." *Id.* § 1252(a)(2)(D). Even for constitutional and legal claims, though, there is an exhaustion requirement: "A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." *Id.* § 1252(d)(1).

**A.**

Bernardino's first argument is that his right to due process was violated because the new IJ did not see or hear Bernardino's testimony first-hand and made a decision, including an adverse credibility determination, on a cold record.  The government argues that we do not have jurisdiction to review this argument because Bernardino did not raise it to the BIA and therefore has failed to meet the exhaustion requirement of 8 U.S.C. § 1252(d)(1).

It is well established that, under 8 U.S.C. § 1252(d)(1), we "may review only those claims 'properly presented to the BIA and considered on their merits.'"  *Tomaszczuk v. Whitaker*, 909 F.3d 159, 167 (6th Cir. 2018) (quoting *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)). Even though "the BIA lacks authority to review constitutional challenges," a petitioner nonetheless "must raise correctable procedural errors to the BIA" before we can consider the merits of any such claim. *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006).  Here, the question is whether Bernardino's due-process claim satisfies this exhaustion requirement, even though—as both parties agree—it is different from the due-process claim that he raised before the BIA. Bernardino's contention before the BIA was that his right to due process was violated because the IJ failed to consider certain parts of his testimony, namely his closing statement; by contrast, his contention here is that his right to due process was violated because the IJ was not present to see and hear his testimony first-hand and did not hold a new hearing before rendering a decision.

Bernardino argues for lenient application of the exhaustion requirement.  He points out that this court has previously determined an issue to be exhausted even when it is not a carbon copy of the issue argued to the BIA.  *See Lizhi Shi v. Sessions*, 751 F. App'x 684, 687 (6th Cir. 2018) ("Although Shi's briefing regarding the IJ's credibility determination to the BIA is not carbon copied in this instant appeal, the issue was reasonably developed in the briefing and considered by the BIA.").  And Bernardino's brief to the BIA did make reference to the fact that the IJ who

rendered the decision "was not sitting on the bench at the time of the May 21, 201[2] hearing." (BIA Br., AR 25.)

One passing reference made while asserting an entirely different argument, however, does not make an issue "reasonably developed" for purposes of exhaustion under 8 U.S.C. § 1252(d)(1). *See Lizhi Shi*, 751 F. App'x at 687. Bernardino's argument below—and the argument that the BIA considered—was that "the Immigration Judge did not provide a full and fair hearing because he did not fully consider the record of proceedings." (BIA Decision, AR 5.) Bernardino's argument here is that the IJ did not see or hear the evidence first-hand. Additionally, Bernardino's argument presents a "correctable procedural error," since the BIA could have remedied the problem by ordering the IJ to hold a new hearing, and thus, Bernardino was required to raise his argument to the BIA. *See Sterkaj*, 439 F.3d at 279.

At oral argument, Bernardino—relying on a recent concurring opinion—suggested that we may overlook his failure to exhaust on the ground that the exhaustion requirement is not jurisdictional. *See Saleh v. Barr*, —F. App'x—, 2019 WL 6770008, at *9–11 (6th Cir. Dec. 12, 2019) (Murphy, J., concurring) (questioning the jurisdictional nature of the exhaustion rule in § 1252(d)(1)). But even that concurring opinion leaves no doubt that we must enforce the mandatory exhaustion rule in § 1252(d)(1) when a party properly invokes it. *Id.* at *11. The government has done so here. In any event, we are bound by our precedents holding that a petitioner must exhaust a due-process claim when, as here, it involves a "correctable procedural error." *See Sterkaj*, 439 F.3d at 279 ("Although an alien's due process challenge generally does not require exhaustion (the BIA lacks authority to review constitutional challenges), the alien must raise correctable procedural errors to the BIA."); *cf. Bartlett v. Bowen*, 816 F.2d 695, 701–02 (D.C.

Cir. 1987) (holding that the Medicare Act's administrative exhaustion requirement did not bar the court from considering a constitutional challenge to the Act itself).

In short, because Bernardino failed to exhaust his administrative remedies, we lack jurisdiction to review his due-process claim. *See* 8 U.S.C. § 1252(d)(1); *see also Tomaszczuk*, 909 F.3d at 167; *Sterkaj*, 439 F.3d at 279.

**B.**

Bernardino's two other challenges concern the BIA's and IJ's moral-character and hardship determinations. In other words, they concern the BIA's and IJ's assessment of whether Bernardino is statutorily eligible for cancellation of removal. Even if an applicant meets all of the statutory requirements, however, the applicant may still be denied relief if the IJ decides a favorable exercise of discretion is not warranted. *Montanez-Gonzalez*, 780 F.3d at 722. Here, the IJ exercised his discretion, balanced the equities, and determined that Bernardino "d[id] not qualify for cancellation of removal as a matter of discretion." (IJ Decision, AR 95.) The BIA likewise balanced the equities and concluded that "even assuming [Bernardino] were otherwise eligible, he has not demonstrated that he warrants the relief of cancellation of removal as a matter of discretion." (BIA Decision, AR 4.) Absent a constitutional issue or question of law, we have no jurisdiction to review that discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). Bernardino has not identified a legal or constitutional issue underlying the BIA's exercise of its discretion. Thus, even if we were to conclude that Bernardino's arguments regarding moral character and hardship had merit, we would have no authority to disturb the BIA's discretionary denial of relief, and the outcome of Bernardino's case would not change. We accordingly decline to opine on the merits of Bernardino's arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is

unnecessary to the results they reach."); *Zamudio v. Holder*, 490 F. App'x 704, 706 (6th Cir. 2012) (declining to rule on the petitioner's arguments regarding the statutory requirements for cancellation of removal, because the court had no grounds to set aside the BIA's discretionary denial of relief).

## III.

For the reasons above, Bernardino's petition is dismissed in part for lack of jurisdiction and otherwise denied.